**In re Mark E. MALOY, Debtor.**

**Bankruptcy No. 92–31220.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Dec. 15, 1994.

Barry Gordon Irwin, Athens, GA, for debtor.

Arthur L. Phillips, Macon, GA, for Trust Co. Bank.

William M. Flatau, Chapter 7 Trustee, Macon, GA.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

On October 31, 1994, a hearing was held to consider Mark E. Maloy's ("Debtor") Motion to Reopen this Case. For the reasons stated hereafter, Debtor's motion will be denied. These findings of fact and conclusions of law are published in accordance with Fed. R.Bankr.P. 7052.

## FINDINGS OF FACT

Debtor's Motion to Reopen was opposed by Arthur L. Phillips, an attorney at law in his behalf. The facts of this case are quite unusual. Debtor filed this Chapter 13 case on November 17, 1992. On March 12, 1993, the case was converted to Chapter 7. A discharge was entered in the Chapter 7 case on July 27, 1993. The Final Decree in the case was entered on September 13, 1993.

On November 12, 1992, approximately five days before this case was filed, a letter was sent to Debtor by Mr. Phillips demanding payment of a debt in behalf of his client, Trust Company Bank, and advising Debtor of the provisions of O.C.G.A. § 13–1–11 regarding attorney's fees pursuant to the note. Debtor alleges that the letter failed to contain provisions which are required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The letter was received by Debtor following the filing of the Chapter 13 case. No other correspondence was addressed to Debtor by Mr. Phillips.

Debtor now asserts a claim against Mr. Phillips under FDCPA. Such claim was never disclosed as an asset in the Schedules in the Chapter 13 case. Further, the claim was never disclosed in the Schedules which were required to be filed following the conversion of the case from Chapter 13 to Chapter 7. Debtor's attorney showed that he was aware of the claim as early as December, 1992. On January 13, 1993, Debtor's attorney wrote to Mr. Phillips and demanded a settlement of this claim. The bankruptcy case was pending for about nine months following that letter with no amendment by Debtor disclosing the existence of the asset or setting the asset aside as exempt. Debtor's attorney characterized this omission as an error on his part.

Debtor offered as evidence a copy of an amendment to Schedule "C" which purported to set aside the cause of action as exempt property. The date of the preparation of the document was unknown. It was established that the document was prepared prior to the closing of the case. The document was never filed. Further, there was never any document prepared or filed which amended Schedule "B" so as to disclose the existence of this asset.

The Schedules listed a liability of Debtor to Trust Company Bank in the amount of Two Thousand Three Hundred Thirty-three Dollars and Sixty-eight Cents ($2,333.68). The Schedules indicate that the debt was secured by a 1987 Honda Civic valued at Three Thousand Five Hundred Fifty-five Dollars ($3,555.00). The Statement of Affairs in question 4 indicated that Trust Company Bank of Middle Georgia had repos-

sessed Debtor's 1987 Honda Civic on November 10, 1992. Debtor's Schedule "C" listed various items of property to be set aside as exempt. Debtor's exemption entitlement was not exhausted by the Schedule C claim. Debtor's Plan proposed to pay Trust Company Bank at the rate of Two Hundred Twenty Dollars ($220.00) per month with interest at Twelve (12) Percent. The Plan provided further that the 1987 Honda Civic would be returned to Debtor by Trust Company Bank.

Upon conversion to Chapter 7, the Clerk's office requested that Debtor file a Statement of Intentions. No other schedules were requested by the Clerk's office. Other than the Statement of Intentions filed in response to the Clerk's request, there were no other schedules filed by Debtor following conversion to Chapter 7. The Chapter 13 Trustee's final report was filed on May 26, 1993, indicating that there was no payment to any creditor from funds received by the Trustee. The report showed that a total of Six Hundred Dollars ($600.00) was paid to the Chapter 13 Trustee by Debtor. After payment of administrative fees of Sixty-six Dollars ($66.00), a balance of Five Hundred Thirty-four Dollars ($534.00) was refunded by the Chapter 13 Trustee to Debtor.

On November 15, 1993, about two months after this bankruptcy case was closed, Debtor filed a FDCPA action against Mr. Phillips in the United States District Court for the Middle District of Georgia, Athens Division, Civil Action File No. 1:90–CV–1255ODV. None of the pleadings from the District Court case were presented by either party at the hearing. It was established by stipulation from the parties that during the pendency of the District Court case the Defendant, Mr. Phillips, had made a judicial estoppel argument. He contended that Debtor was judicially estopped from asserting the claim because of his failure to list the claim in the schedules of his bankruptcy case. The District Court, however, concluded that the claim was barred by the statute of limitations. Debtor has appealed the District Court's dismissal to the Eleventh Circuit Court of Appeals. That appeal is still pending.

Debtor now seeks to reopen the bankruptcy case to administer this FDCPA claim as an asset. Debtor contends that the District Court FDCPA case will be reversed on appeal. Debtor also contends that there is still another claim which can be asserted against Mr. Phillips under the state law Uniform Deceptive Trade Practices Act O.C.G.A. § 10–1–370 et. seq. ("UDTPA"). The details of that claim were not specified in the evidence except that Debtor contended that a violation of FDCPA would also be a violation of UDTPA.

At the hearing reference was made to a collection letter from another lawyer which allegedly violated FDCPA. That letter was not introduced into evidence. It was conceded that the statute of limitations would ban any claim under FDCPA for the second letter. It was asserted that there could be a UDTPA claim arising out of the second letter on the same basis as the claim proposed against Mr. Phillips.

The allegations as to both claims were speculative. As to the second letter, the claim required the assumption that the letter which appeared to have been signed by a lawyer was not actually signed by a lawyer and did not actually represent the exercise of independent judgment in behalf of the lawyer. Debtor contended that the letter was issued routinely by a collection agency in the name of the lawyer. Debtor's evidence as to this claim was based entirely on assumptions. Those assumptions, while they may eventually be proven to be correct, may also be proven to be incorrect. Without any evidence with which to test the assumptions, the Court can form no conclusion as to the validity of the additional claim.

## CONCLUSIONS OF LAW

Debtor's motion to reopen this case is brought pursuant to section 350(b) of the Bankruptcy Code. That section provides that "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (Law.Co-op.1994). If the case is to be reopened under section 350(b), it must be "to accord relief to the debtor" or, in the alternative, "for other

cause." There is no significant precedent to guide the Court in this decision. Most of the cases under this section involve situations where a debtor wants to reopen a case to add a creditor. In this case, it is altogether unclear why Debtor wants to reopen the case.

If Debtor's standing to assert this FDCPA claim in the District Court has been undermined by Debtor's failure to list this asset or to exempt the asset during the bankruptcy case, the necessity for reopening the case might be more apparent. Instead, the FDCPA case was brought in the District Court and resolved. Debtor prefers to characterize the District Court's disposition of the case as one which was based on technical grounds. Nevertheless, even though the Court did not reach any of the other aspects of the case, it can still be concluded that one of the essential elements of the claim, timely filing, was lacking. It does not appear that the result in the District Court would have been any different if the claim had been disclosed as an asset in the bankruptcy case.

Regarding the second potential claim against another attorney, it is impossible to conclude that Debtor actually has a claim. The evidence is completely void of any showing that the letter exhibited by Debtor at the hearing represents an actionable claim, notwithstanding Debtor's attorney's speculation.

In order to conclude that the case should be reopened, Debtor must bear the burden of showing the Court what relief would be accorded to him. There has simply been no such showing in this case. The FDCPA case against Mr. Phillips has been heard and decided in the District Court. If there is a UDTPA claim against Mr. Phillips or another attorney, the merits of any such claim have not been shown. Mere speculation is not sufficient to identify claims or show the relief which is to be accorded to the debtor. There has been no showing that there is any other asset to be administered. While it is to be expected if the case is reopened that Debtor would amend Schedule "B" to list the asset and, further, amend Schedule "C" to exempt the asset, there is no showing to indicate how those two steps would serve as a benefit to Debtor. Debtor has a burden of proof under section 350(b) to show what relief is to be accorded to Debtor or what other cause exists. Reopening the case is not a matter of right.

Debtor did specify that the defense of judicial estoppel would become an impediment in the District Court if the District Court's decision is reversed on appeal by the Eleventh Circuit. At this time it would be inappropriate to decide to reopen this case in anticipation of such a reversal. Furthermore, it is troublesome to contemplate the prospect that Debtor seeks to obtain a benefit in the District Court of which this Court is a unit [1] by obtaining an order in this Court where the sole purpose of the order is to influence the decision of the District Court Judge. The Court's reluctance would be less than what it is if Debtor were contending that the reopening of the case and the filing of the amendments would provide some benefit to Debtor in the state court. There it would be reasonable to conclude that the State Court Judge would be interested in the disposition of this case by the Bankruptcy Court since the state court is a distinctly separate entity. If there is to be some significance to the reopening of the case and the amending of the Schedules, the District Court Judge is well able to conclude that such an amendment should be permitted and that the amendment, if permitted, would be persuasive in response to the defense of judicial estoppel.

In addition to the conclusion that reopening the case is not a matter of right, the Court notes that there is an administrative cost associated with opening the case which should not be incurred unless Debtor can prove that one of the reasons specified in the Code is present. It does not appear from the evidence presented at the hearing that there is any reason for reopening the case.

1. 28 U.S.C. § 151.